## STRAUSS *et al. v.* SEAMON.[1]

*(Common Pleas of New York City and County, General Term.* December 3, 1888.)

ASSIGNMENT—WHAT AMOUNTS TO—EVIDENCE.

A paper purporting to be an assignment of a judgment for costs by a party to his attorney cannot have that effect where it is unacknowledged, and unsupported by any proof of the signature, delivery, or time of execution, or by proof that anything was due the attorney.

Appeal from city court, general term.

For statement of facts, see *ante*, 398.

Argued before LARREMORE, C. J., and VAN HOESEN, J.

*E. G. Kremer*, for appellants. *S. F. Kneeland*, for respondent.

PER CURIAM. It will be time to determine the validity of the assignment when proof is given that one was made. The paper that purports to be an assignment is not acknowledged, nor is there an iota of proof of the defendant's signature, of the delivery of the paper, or of the time of its execution. A singular feature of the case is that the attorney to whom it is said the assignment was made has not sworn that the assignment was for value, or that he ever received it, or that it was given to him at the date that appears upon its face. He has not claimed any lien, nor has he asserted that anything is due to him. A paper, unproved, unauthenticated, unvouched for,—a paper that ought not to have been read until some one's oath had lent to it at least the authority of an exhibit, is all that there is to show that any assignment was ever made. There is not, as we have already said, the slightest proof that

[1] Reversing *ante*, 398.

the attorney has, or ever had, a lien, or that his client ever owed him a dollar; and the attorney who might have proved these things—if they were susceptible of proof—is silent. Upon this state of facts, no question can arise as to the validity or the legal effect of the supposed assignment. There is no assignment before the court. The order appealed from is reversed, with costs. and disbursements.